UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                              CASE NO. 11-36816-PGH

THOMAS F. KANE                                          Chapter 7

     Debtor.
_____/

## NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION
### *DUCES TECUM* OF DEBTOR

Trustee, Nicole Testa Mehdipour, by and through undersigned counsel, will examine the following person or persons at the following date, time and location.

| | |
|---|---|
| Examinee: | Thomas F. Kane |
| Date: | Friday December 30, 2011 |
| Time: | 9:00 a.m. E.S.T. |
| Location: | Nicole Testa Mehdipour, P.A. |
| | 101 NE Third Avenue |
| | Suite 2000 |
| | Fort Lauderdale, Florida 33301 |

The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date (or less than 21 days if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

{00071233.DOC }

The examinee is to produce the documents requested and described in the attached Exhibit "A" on or before **December 16, 2011**.

Dated: November 23, 2011.

Respectfully submitted,

BAST AMRON LLP
*Counsel to Chapter 7 Trustee*
SunTrust International Center
One Southeast Third Ave.
Suite 1440
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
E-mail:  bamron@bastamron.com
E-mail:  jeder@bastamron.com

By: */s/ Brett M. Amron*
        Brett M. Amron
        Florida Bar No. 148342
        John R. Eder, Esq.
        Florida Bar No. 046720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, or via U.S. Mail, upon the parties listed below this 23rd day of November, 2011.

By: */s/ John R. Eder*
        John R. Eder

CASE NO. 11-36816-PGH

## SERVICE LIST

**VIA CM/ECF**

- Brett M Amron    bamron@bastamron.com,
  jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@ba
  stamron.com,afiorentino@bastamron.com
- Craig I Kelley    cik@kelleylawoffice.com,
  ecf@kelleylawoffice.com,grace@kelleylawoffice.com,kelleyecfsouthern@gmail.com,sal
  @kelleylawoffice.com,
- Nicole Testa Mehdipour    cm_ecf@mehdipourtrustee.com, FL80@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**VIA U.S. MAIL**

Stan L. Crooks
455 Tuskegee Drive
Lantana, FL 33462

# **EXHIBIT A**
## (Debtor)

I.    <u>Instructions</u>

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include, but not be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity.  The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through you, your affiliates, your subsidiaries, your successors, your assigns, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts of a document exist, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, by providing the following information:

        1.    The names of the authors of the document;
        2.    The names of the persons to whom the documents or copies were sent;
        3.    The date of the document;
        4.    The date on which the document was received by each addressee, copyee, or its recipients;
        5.    A description of the nature and subject matter of the document that is as complete as possible;
        6.    The date on which the document was lost, discarded, or destroyed; and
        7.    The manner in which the document was lost, discarded, or destroyed.

    D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

{00071235.DOC 3}

1.      The names of the senders of the document;
2.      The names of the authors of the document;
3.      The names of the persons to whom the document or copies were sent;
4.      The job title of every person named in subparagraphs 1, 2, and 3 above;
5.      The date of the document;
6.      The date on which the document was received by each addressee, copyee, or its recipient;
7.      A brief description of the nature and subject matter of the document; and
8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If you cannot produce a requested document, after exercising due diligence to secure or produce the document(s) requested, you must identify the Request(s) for which you do not have responsive documents, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

J.      "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.      The use of the singular form of any word includes the plural and vice versa.

L.      All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.      Unless otherwise stated herein, the time period encompassed by this subpoena shall be from January 1, 2007, through the date of this notice.

II.    <u>Definitions</u>

For purposes of this subpoena, the following definitions shall apply:

A.    "Deponent", "you", and "your" shall mean the party upon whom this subpoena is served and all of its successors and/or assigns, attorneys, employees, agents, or others purporting to act on its behalf.

B.    "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files.  All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated.  If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy is separate "document."

C.    "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

D.    "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

E.    "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

F.    "Debtor" shall mean Thomas F. Kane, the Chapter 7 Debtor in this bankruptcy case.

G.    The terms "person," "individual," "entity," and "entities" are used interchangeably and shall be deemed to include the plural and vice versa.  Each of these terms shall mean, but are not limited to:  (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii)

surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof, whether they be now or previously existing.

H.    "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

I.    "Petition Date" shall mean September 28, 2011, which is the date on which Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

J.    "Bankruptcy Schedules" shall mean the October 24, 2011 bankruptcy schedules filed by the Debtor and docketed as docket entry no. 15.

III.    Continuing Request for Documents

This is a continuing request for the production of documents.  At such time as you become aware of the existence of any additional documents responsive to this Request, you are hereby requested to produce such documents.

1.    All tax returns filed by the Debtor, either individually or jointly, for the years 2007, 2008, 2009 and 2010.

2.    Any and all personal financial statements prepared and/or issued by the Debtor, or on the Debtor's behalf, whether on a monthly, quarterly or annual basis for the years 2007, 2008, 2009, 2010 and 2011.

3.    Any and all financial statements or applications submitted by or on behalf of the Debtor and/or his wife to a financial institution, lender or other entity for purposes of obtaining credit either for the Debtor, his wife and/or any entity in which the Debtor and/or his wife had an ownership interest in, held stock in, was a registered agent, member, officer, director or managing member from January 1, 2007 through the Petition Date.

4.    Any and all documents supporting, evidencing or relating to the Debtor's purchase of the real property identified in Schedule A of the Bankruptcy Schedules, including, but not limited to, all closing and sale documents and the original title and/or deed.

5.    Any and all documents supporting, evidencing or relating to any mortgage(s) on the real property identified in Schedule A of the Bankruptcy Schedules, including, but not limited to, any mortgage applications or mortgage refinancing applications provided by the Debtor or his wife.

6.    Any and all documents supporting, evidencing or relating to any other real property, not identified in Schedule A of the Bankruptcy Schedules, that the Debtor and/or his wife, either directly or indirectly, owned an interest in from January 1, 2007 through the Petition Date.

7.    All documents, supporting, evidencing or relating to the value assigned to the Debtor's Real and Personal Property listed on the Bankruptcy Schedules.

8.    Any and all documents supporting, evidencing or relating to the purchase and/or acquisition of each item of personal property identified in Schedule B, and attached lists, of the Bankruptcy Schedules, including, without limitation, how each item was acquired, the source of funds to purchase each item, when each item was purchased and/or acquired and any title and/or designation of ownership for each item listed.

9.    Any and all documents supporting, evidencing or relating to any bank accounts held by or on behalf of the Debtor and/or his wife from January 1, 2007 through the Petition Date, including, without limitation, the Merrill Lynch Account ending in 3472, the Merrill Lynch Account ending in 4722, the Joint Bank Atlantic Account ending in 7514, the Debtor's wife's Bank Atlantic Account ending in 7498, the Bank Atlantic Account ending in 8332, the Bank Atlantic Account ending in 1072, the Thomas F. Kane, Inc. Bank Atlantic Account ending in 0083, the Adare Partners, LP Bank Atlantic Account ending in 0091 and the Debtor's USAA Subscriber's Account listed in Schedule B of the Bankruptcy Schedules.  Documents to be produced for each of these accounts include, without limitation, all account opening documents, signatory information, bank account statements, canceled checks (front and back), deposit slips, wire transfer instructions/advices, wire transfer confirmations, emails, computer files, and facsimiles.

10.    Copies of any and all (foreign and/or domestic) financial documents, front and back copies of cancelled checks, deposit slips, share drafts, bank statements, financial institution statements and wire remittances, and account information relating to any and all financial accounts which the Debtor, or his wife, is/was a signator or beneficiary from January 1, 2007 through the Petition Date.  Also any financial account which the Debtor, or his wife, deposited monies into or withdrew or transferred monies out of, whether or not the Debtor's name appears as owner or holder, from January 1, 2007 through the Petition Date.

11.    Any and all documents supporting, evidencing or relating to any insurance policies on any of the personal property identified in Schedule B, and attached lists, of the Bankruptcy Schedules, including, without limitation, the specific items insured, the owner, insured and beneficiary of each policy and the coverage amounts.

12.    Copies of all insurance policies insuring loss to any life or property, real or personal, that you own alone or jointly with any other person, or for which you are or have been a beneficiary for the time period of which you are or have been a beneficiary from January 1, 2007 through the Petition Date including, without limitation, the policy with Knights of Columbus, and any and all documents supporting, evidencing

or relating to those policies including, but not limited to, the owner, insured and beneficiary for each policy and the coverage amounts

13.   Copies of any and all motor vehicle titles and registrations issued to the Debtor by the State of Florida and any other state.

14.   Any and all documents supporting, evidencing or relating to the 2007 Mercedes 550 identified in Schedule B of the Bankruptcy Schedules including, without limitation, the vehicle financing and/or loan agreement, the vehicle financing and/or loan application, any title(s) evidencing ownership of the vehicle, vehicle insurance and proof of any payments on the vehicle.

15.   Any and all documents supporting, evidencing or relating to the 2007 Mercedes 280 identified in Schedule B of the Bankruptcy Schedules including, without limitation, the vehicle financing and/or loan agreement, the vehicle financing and/or loan application, any title(s) evidencing ownership of the vehicle, vehicle insurance and proof of any payments on the vehicle.

16.   Any and all documents supporting, evidencing or relating to any vehicle(s), not listed on Schedule B of the Bankruptcy Schedules, that have been owned or leased by the Debtor, or his wife, since January 1, 2007 including, without limitation to, the vehicle financing and/or loan agreement, the vehicle financing and/or loan application, vehicle insurance, proof of any payments on the vehicle and proof of disposition of the vehicle.

17.   Any and all documents supporting, evidencing or relating to any entity that the Debtor, directly or indirectly, held an ownership interest in, held stock in, or was a registered agent, member, officer, director or managing member in from January 1, 2007 through the Petition Date including, without limitation, Thomas F. Kane, Inc., Adare Partners, LP, Adare Manor, LP, Adare Development, LLC, Adare Healthcare, Aegis Investment Partners, LLC, Clareridge Investments, Ltd., Future Applications, Inc., Skynet Airlines and Mountain Village Properties, LLC. Documents to be produced for each entity include, without limitation, tax returns (including all K-1s), financial statements, detailed trial balances, stock/partner/operating agreements, articles of incorporation, articles of organization, corporate resolutions, meeting minutes, meeting agendas, elections and/or appointment of officers, and a detailed history of the ownership percentages in each entity and how those may have changed over the years.

18.   All documents supporting, evidencing or relating to the Debtor's receipt of or entitlement to any distributions from Thomas F. Kane, Inc., Adare Partners, LP, Adare Manor, LP, Adare Development, LLC, Adare Healthcare, Aegis Investment Partners, LLC, Clareridge Investments, Ltd., Future Applications, Inc., Skynet Airlines and Mountain Village Properties, LLC, from 2006 through the date of this document request.

19.   Any and all documents supporting, evidencing or relating to any bank accounts of

{00071235.DOC 3}

6

any entity in which the Debtor held an ownership interest, held stock, or was a registered agent, member, officer, director or managing member from January 1, 2007 through the Petition Date including, without limitation, bank account statements, canceled checks (front and back), wire transfer instructions/advices and wire transfer confirmations.

20.     All *Form TD F 90-22.1 – Report of Foreign Bank and Financial Accounts* filed by the Debtor from January 1, 2007 through the Petition Date.

21.     All *Form 5471 – Information Return of U.S. Persons with Respect to Certain Foreign Corporations* filed by the Debtor from January 1, 2007 through the Petition Date.

22.     All *Form 3520 – Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts* filed by the Debtor from January 1, 2007 through the Petition Date.

23.     The original of all certificates of stock owned or beneficially held by the Debtor, or his wife, either alone or jointly with any other person(s) for any corporation or corporations, artificial entities, or other like institutions, from January 1, 2007 through the Petition Date.

24.     All documents supporting, evidencing or relating to any discharge of debt of the Debtor from January 1, 2007 through the Petition Date including, without limitation, the $4,351,282 discharge of debt indicated on the Debtor's 2010 tax return.

25.     Copies of any and all documents evidencing payments made by you to another person or entity (in excess of $1,000 in aggregate) from January 1, 2007 through the Petition Date.

26.     Any and all documents supporting, evidencing or relating to all transfers to third parties of money or other property belonging to the Debtor within the 90 days prior to the Petition Date.

IV.    <u>Destroyed Documents</u>

       If any document responsive to this Request was at one time in existence, but has been lost or destroyed, a list should be provided of the document(s) so lost or destroyed stating the following information for each document:

      (a)      The type of document;

      (b)      The date on which it ceased to exist;

      (c)      The circumstances of its loss or destruction;

      (d)      The identity of all persons having knowledge of the reasons for its loss or destruction; and

      (e)      The identity of all persons having knowledge of its contents.