UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)
www.flsb.uscourts.gov

In re:

THOMAS F KANE,

Debtor.

Case No: 11-36816-PGH

Chapter 7

### AGREED *EX PARTE* MOTION OF THE MANUFACTURERS LIFE INSURANCE COMPANY FOR EXTENSION OF TIME TO OBJECT TO DEBTOR'S CLAIMS OF EXEMPTIONS

The Manufacturers Life Insurance Company ("Manulife"), by and through its undersigned counsel, hereby files its agreed *ex parte* motion (the "Motion") seeking an extension of time for Manulife and Gerlach (Nominee) & Co., LLC ("Gerlach") to object to the claims of exemptions of Thomas Kane ("Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"). Manulife requests a 60-day extension of time for Manulife and Gerlach to file such objections, which has been consented to by Debtor, and in support of the Motion, Manulife states as follows:

1. On September 28, 2011 (the "Petition Date"), Debtor filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the above-captioned Bankruptcy Case. See docket no. 1.

2. The Section 341 meeting of creditors for the Bankruptcy Case was originally scheduled for November 1, 2011. See docket no. 2.

3. On October 24, 2011, after obtaining an extension of time to file schedules and statements, Debtor filed his schedules and statements. See docket no. 15.

4. In his Schedule C, Debtor has claimed a substantial amount of property exemptions (collectively, the "Alleged Exempt Property"), including a large amount of property allegedly held in a tenancy by the entirety with Judy Kane, Debtor's wife.

5. The Alleged Exempt Property claimed by Debtor totals $744,935.96 according to Debtor's Schedule C. Consequently, the extent of Debtor's exemptions will have a substantial impact on the likelihood and amount of distributions available for creditors, including Manulife.

6. Manulife's claims against Debtor are based upon three promissory notes executed by Debtor in 1995 (collectively, the "Notes") in favor of Manulife, upon which Debtor currently owes Manulife more than $13 million. Prior to the Petition Date, these claims were being litigated before the United States District Court for the District of New Jersey (the "District Court"), case no. 08-04581 (the "District Court Proceeding").

7. In the District Court Proceeding, Debtor has asserted that the Notes were actually payable to Gerlach, as a nominee, as opposed to directly to Manulife. Manulife believes that this claim lacks merit because all relevant facts indicate that Manulife is the sole beneficial owner, obligee, and legal "holder" of the Notes.[1] Nevertheless, although Manulife believes that Gerlach is not a party-in-interest with respect to the Notes and has no role in this Bankruptcy Case, to the extent Gerlach is deemed is deemed to be a party-in-interest by virtue of its status as Manulife's nominee, Manulife seeks an extension of time for Gerlach to object to Debtor's exemptions as well.

8. Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Rules") states, in pertinent part, as follows:

> a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b)(1).

---

[1] Notably, Debtor did not list Gerlach as a creditor in his schedules and statements, indicating that Gerlach is not in fact a creditor of Debtor in place of Manulife.

1896787 v3

2

9.      The Section 341 meeting of creditors was held on November 1, 2011.  Therefore, this Motion has been filed within 30 days of the meeting as required by Rule 4033(b)(1).

10.     Debtor has consented to Manulife's requested extension of time for Manulife or Gerlach to file objections to Debtor's exemptions.[2]

11.     Furthermore, good cause exists for the Court to grant an extension of time to object to Debtor's claimed exemptions.  As a threshold matter, as Debtor received an extension of time to file his schedules, Manulife could not know which property Debtor intended to exempt until a week before the meeting of creditors and therefore Manulife was delayed in its ability to determine whether any claimed exemptions are objectionable.

12.     Debtor owns, directly or indirectly, a series of corporate entities (as reflected in Debtor's Schedule B), which may be out of Debtor's possession and/or control, or which may hold property actually owned by Debtor.  Furthermore, the form of the ownership of each property item in the Kanes' possession must be determined accurately to ensure that all of Debtor's property is correctly accounted for, and that any Alleged Exempt Property is in fact exempt, particularly as Judy Kane is not a debtor.  Under these circumstances, Debtor's complicated situation warrants a reasonable extension of time to object to Debtor's claim exemptions.

13.     Manulife also intends to seek discovery from Debtor, through a Rule 2004 examination and/or subpoena duces tecum for documentation to verify the extent of Debtor's claimed exemptions.

14.     Because Debtor has previously attempted to assert that Gerlach, not Manulife, is Debtor's creditor with respect to the Notes, Manulife seeks an order which also provides an extension of time for Gerlach to object to exemptions, out of caution in the unlikely event that

---

[2] In providing its consent, Debtor has not waived its rights as to the proper party in interest to actually claim any such objection.

1896787 v3                                3

Gerlach is deemed a party-in-interest in Manulife's place. Regardless of whether Manulife or Gerlach is Debtor's creditor, cause exists for an extension of time to object to Debtor's exemptions for the same reasons already set forth above.

15. Again, Debtor has consented to Manulife's requested extension of time for Manulife or Gerlach to file objections to Debtor's exemptions.

16. Based upon the foregoing, Manulife believes that it is necessary to obtain additional time to file an objection to Debtor's claimed exemptions, to ensure that Manulife and Gerlach have all facts available to determine whether or not any exemptions are objectionable.

WHEREFORE, Manulife respectfully requests that the Court enter an order in the form attached hereto as Exhibit A, granting the Motion and providing for such other and further relief as this Court deems proper and just.

Respectfully submitted,

Dated: November 30, 2011

By: _____/s/_____
James B. Miller
James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130
Phone: (305) 374-0200
Fax: (305) 374-0250
jbm@title11law.com
Florida Bar No. _____

*Counsel for Manulife*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF notification as indicated below on this 30th day of November, 2011.

/s/ _____

*Via Cm/ECF Notification*

- Brett M Amron bamron@bastamron.com, jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@bastamron.com,afiorentino@bastamron.com
- Craig I Kelley cik@kelleylawoffice.com, ecf@kelleylawoffice.com,grace@kelleylawoffice.com,kelleyecfsouthern@gmail.com,sal@kelleylawoffice.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)
www.flsb.uscourts.gov

In re:

THOMAS F KANE,

          Debtor.

Honorable Paul G. Hyman

Case No: 11-36816-PGH

Chapter 7

**ORDER GRANTING AGREED *EX PARTE* MOTION OF THE MANUFACTURERS LIFE INSURANCE COMPANY FOR EXTENSION OF TIME FOR MANUFACTURERS LIFE INSURANCE COMPANY AND GERLACH (NOMINEE) & CO., LLC TO OBJECT TO DEBTOR'S CLAIMS OF EXEMPTIONS**

THIS CAUSE came before the Court upon the Agreed *Ex Parte* Motion of the Manufacturers Life Insurance Company for Extension of Time to Object to Debtor's Claims of

1896787 v3

Exemptions (the "Motion"). The Court having reviewed and considered the Motion, and having noted the agreement of the parties, finds good cause to grant the Motion. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Manufacturers Life Insurance Company and Gerlach (Nominee) & Co., LLC shall each have up to and including January 30, 2012, within which to object to the Debtor's claimed exemptions.

### ###

### Submitted by:

James B. Miller
James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130
Phone: (305) 374-0200
Fax: (305) 374-0250
jbm@title11law.com

**Copies furnished to:**

- Brett M Amron bamron@bastamron.com, jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@bastamron.com,afiorentino@bastamron.com

- Craig I Kelley cik@kelleylawoffice.com, ecf@kelleylawoffice.com,grace@kelleylawoffice.com,kelleyecfsouthern@gmail.com,sal@kelleylawoffice.com

- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

- James B. Miller, Esq. bkcmiami@gmail.com

-