UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    CASE NO. 11-36816-PGH

THOMAS F. KANE                                            Chapter 7

      Debtor.
_____/

## CHAPTER 7 TRUSTEE'S MOTION TO
## APPROVE SETTLEMENT WITH DEBTOR

### NOTICE

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

COMES NOW, Nicole Testa Mehdipour, the duly appointed Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel and pursuant to Rule 9019 Fed. R. Bankr. P. and Local Rule 9013-1(D), files this *Motion to Approve Settlement with Debtor* and in support thereof states as follows:

### JURISDICTION AND BACKGROUND

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157 (b)(2)(A) and (J). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.    On September 28, 2011 (the "Petition Date"), Thomas F. Kane (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. 101, *et seq.* (the "Bankruptcy Code").

3. The Trustee is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

4. The Debtor lists on Schedule B of his bankruptcy schedules a 2007 Mercedes 280, VIN: WDBRF54H07F857556 valued at $17,750.00 (the "Vehicle").

5. On Schedule C of the Debtor's bankruptcy schedules the Debtor claims the entire value of the Vehicle as exempt as tenancy by the entirety and also claims $1,000.00 of the value of the Vehicle as exempt pursuant to Fla. Stat. §222.25(1).

6. On November 23, 2011, the Trustee noticed the Debtor for a Rule 2004 Examination and requested the Debtor to produce certain documents.  In response to the Trustee's document requests, the Debtor produced certain documents to the Trustee including title to the Vehicle which revealed that the Vehicle is owned between the Debtor and his wife Judy as joint tenants and not as tenants by the entirety.

7. After applying the Debtor's available exemptions under the applicable law, the Trustee believes that the Debtor's one-half interest in the Vehicle to be worth approximately $7,875.00 as of the Petition Date.  The Debtor wishes to retain the Vehicle.

8. The Trustee has preserved the right to object to the Debtor's discharge in this Case pursuant to 11 U.S.C. § 727 as well as the Debtor's claimed exemptions.

**SETTLEMENT AGREEMENT**

9. The Trustee and the Debtor desire to settle any disputes related to the Debtor's one-half interest in the Vehicle and believe that it is in their best interest to avoid the expense, delay and uncertainties attendant to the retrieval, storage and auction of the Vehicle. Accordingly, they have reached a settlement of this issue as set forth in the *Stipulation to*

{00081819.DOC }

*Compromise Controversy*, attached hereto as **Exhibit "A"** and incorporated herein (the "Settlement").

10. Upon the entry of an Order of this Court approving the Settlement and receipt by the Trustee of the Settlement Amount, as detailed below, all disputes between the Trustee and the Debtor related to the Vehicle shall be deemed resolved and settled in full.

11. The Debtor agrees to pay to the Trustee the sum of $7,000.00 (the "Settlement Amount") in full and final settlement in connection with the dispute between the Parties regarding the Debtor's one-half interest in the Vehicle.

12. In the event that the Debtor fails to comply with the terms of the Settlement, the Trustee has the right to immediately (i) proceed and collect against any and all assets that the Debtor has listed in his bankruptcy schedules, including but not limited to the property the Debtor has claimed as exempt, for any amounts due to the bankruptcy estate pursuant to this Settlement, and (ii) revoke the debtor's discharge. In addition, the Trustee shall be entitled to interest at the statutory rate on any amount due to the bankruptcy estate, plus attorney's fees and costs. After written notice to the Debtor, providing the Debtor five (5) days to cure a default under the terms of the Settlement, the Trustee may file a Notice of Default and Request for a Hearing and submit a proposed Order to the Court revoking the Debtor's discharge. The Debtor hereby waives any procedural requirement prior to the entry of an Order denying his discharge as provided by Section 727(a)(10) of the Bankruptcy Code. However, the Debtor's discharge will not be denied without a hearing.

## MEMORANDUM OF LAW

13. The Bankruptcy Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in

{00081819.DOC }

the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), cert. *denied* 498 U.S. 959 (1990).

14. The Trustee respectfully submits that the foregoing principals, when viewed in light of the claims made, the defenses raised, and the terms of the agreement, justify the approval of the Settlement. Furthermore, the Trustee asserts that the Settlement does not fall below the lowest point in the range of reasonableness.

15. Additionally, in order to obtain, store and auction the Vehicle, the Estate would incur expenses and costs that would substantially reduce the amounts recovered to the Estate. Notwithstanding these attendant costs and expenses, the Trustee has no guarantee of amount of recovery from an auction of the Vehicle. Therefore, the Trustee believes that the Settlement is in the best interest of the bankruptcy estate and requests that this Court enter an order approving same.

16. A proposed order granting the relief requested herein is attached hereto as **Exhibit "B"** in accordance with Local Rule 9013-1(D)(2).

**WHEREFORE**, the Trustee respectfully requests entry of an Order: (i) approving the Settlement between the Trustee and the Debtor; and (ii) granting such further relief as this Court deems just and proper.

Dated the 9th day of February, 2012.

>Respectfully submitted,
>
>BAST AMRON LLP
>*Counsel for Chapter 7 Trustee*
>SunTrust International Center
>One Southeast Third Avenue, Suite 1440
>Miami, Florida 33131
>Telephone: 305.379.7904
>Facsimile: 305.379.7905
>Email: bamron@bastamron.com
>Email: jeder@bastamron.com
>
>By: */s/ John R. Eder*
>    Brett M. Amron
>    Florida Bar No. 148342
>    John R. Eder
>    Florida Bar No. 046720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, and/or via Email, and/or via U.S. Mail as indicated upon the parties listed on the attached service list on this the 9th day of February, 2012.

>*/s/ John R. Eder*
>John R. Eder

**SERVICE LIST**

**VIA CM/ECF**

- Brett M Amron    bamron@bastamron.com, jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@bastamron.com,afiorentino@bastamron.com
- Edwin R Dressel    rick.dressel@flastergreenberg.com
- Keith W. Fendrick    keith.fendrick@hklaw.com, andrea.olson@hklaw.com
- Craig I Kelley    cik@kelleylawoffice.com, ecf@kelleylawoffice.com,grace@kelleylawoffice.com,kelleyecfsouthern@gmail.com,sal@kelleylawoffice.com,
- Nicole Testa Mehdipour    cm_ecf@mehdipourtrustee.com, FL80@ecfcbis.com
- James B Miller    bkcmiami@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**VIA U.S. MAIL**

*[See Attached Mailing Matrix]*

{00081819.DOC }

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 11-36816-PGH<br>Southern District of Florida<br>West Palm Beach<br>Thu Feb  9 11:35:33 EST 2012 | Irish Bank Resolution Corporation<br>c/o W. Keith Fendrick, Esq.<br>Holland & Knight LLP<br>100 N. Tampa St., Ste. 4100<br>Tampa, FL 33602-3644 | Adare Partners, LP<br>Adare Manor<br>Adare, Co Limerick, Ireland |
| Anglo Irish Bank<br>98 Henry Street<br>Limerick, Ireland | Bank Atlantic Il<br>1750 E Sunrise Blv<br>Fort Lauderdal, FL 33304-3013 | Capio Partners<br>2222 Texoma Pkwy, Ste 150<br>Sherman, TX 75090-2481 |
| Irish Bank Resolution Corporation Limited<br>c/o W. Keith Fendrick<br>Holland & Knight LLP<br>100 N. Tampa St., Ste. 4100<br>Tampa, FL 33602-3644 | Judy Kane<br>13839 Le Mans Way<br>Palm Beach Gardens, FL 33410-1266 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Rabinowitz, Lubetkin & Tully<br>293 Eisenhower Parkway<br>Ste 100<br>Livingston, NJ 07039-1711 | Schreck Bavaro & Co LLC<br>10 Park Pl Suite 530<br>Morristown, NJ 07960-7101 | The Manufacturers Life Insurance Co<br>c/o Flaster Greenberg<br>1810 Chapel Ave W<br>Cherry Hill, NJ 08002-4606 |
| Craig I Kelley<br>1665 Palm Beach Lakes Blvd #1000<br>West Palm Beach, FL 33401-2109 | Michael A. Borkowski<br>190 SE 19th Ave<br>Pompano Beach, FL 33060-7541 | Nicole Testa Mehdipour<br>401 E Las Olas Blvd # 130-457<br>Ft Lauderdale, FL 33301-2210 |
| Stan L. Crooks<br>455 Tuskegee Drive<br>Lantana, FL 33462-2100 | Thomas F Kane<br>13839 Le Mans Way<br>Palm Beach Gardens, FL 33410-1266 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Manufacturers Life Insurance Company | (u)West Palm Beach | (d)Rabinowitz, Lubetkin & Tully, LLC<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ 07039-1711 |

End of Label Matrix
Mailable recipients     16
Bypassed recipients      3
Total                   19

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                          CASE NO. 11-36816-PGH

THOMAS F. KANE                                  Chapter 7

Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation to Compromise Controversy ("Stipulation") is entered into by and between Thomas F. Kane (the "Debtor") and Nicole Testa Mehdipour the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (collectively, the "Parties").

### RECITALS

**WHEREAS**, on September 28, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Trustee is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate");

**WHEREAS**, the Debtor lists on Schedule B of his bankruptcy schedules a 2007 Mercedes 280, VIN: WDBRF54H07F857556 valued at $17,750.00 (the "Vehicle");

**WHEREAS**, on Schedule C of the Debtor's bankruptcy schedules the Debtor claims the entire value of the Vehicle as exempt as tenancy by the entirety and also claims $1,000.00 of the value of the Vehicle as exempt pursuant to Fla. Stat. §222.25(1);

**WHEREAS**, on November 23, 2011, the Trustee noticed the Debtor for a Rule 2004 Examination and requested the Debtor to produce certain documents;

{00081810.DOC 2}

WHEREAS, the Debtor produced certain documents to the Trustee including title to the Vehicle which revealed that the Vehicle is owned between the Debtor and his wife Judy as joint tenants and not as tenants by the entirety;

WHEREAS, the Debtor wishes to retain the Vehicle;

WHEREAS, after applying the Debtor's available exemptions under the applicable law, the Debtor's one-half interest in the Vehicle is valued at approximately $7,875.00 as of the Petition Date;

WHEREAS, the Parties desire to settle any disputes related to the Debtor's one-half interest in the Vehicle, and believe that it is in their best interest to avoid the expense, delay and uncertainties attendant to the retrieval, storage and auction of the Vehicle, and accordingly have reached a settlement of this issue as set forth herein.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The Parties agree that the above recitals are true and correct and are incorporated herein.

2. Upon entry of the Parties into this Stipulation and payment of the Settlement Amount, as detailed below, all disputes between the Trustee and the Debtor related to the Vehicle shall be deemed resolved and settled in full.

3. The Debtor agrees to pay to the Trustee the sum of $7,000.00 (the "Settlement Amount") in full and final settlement in connection with the dispute between the Parties regarding the Debtor's one-half interest in the Vehicle.

4. The payment of the Settlement Amount shall be in the form of a money order or cashier's check made payable to "Nicole Testa Mehdipour, Trustee for the Bankruptcy Estate of Thomas F. Kane, Case No. 11-36816-PGH" and delivered to the Trustee.

5. In the event that the Debtor fails to comply with the terms of this Stipulation, the Trustee has the right to: (i) proceed against any and all assets of the Debtor, including but not limited to the property the Debtor has claimed as exempt, for any amounts due to the Estate pursuant to this Stipulation; and (ii) revoke the Debtor's discharge. In addition, the Trustee shall be entitled to interest on any unpaid amount due to the Estate, which shall accrue at the statutory rate, plus any attorneys' fees and costs associated with the collection of the unpaid balance of the Settlement Amount. Further, the Trustee may file a Notice of Default and submit a proposed order to the Court revoking the Debtor's discharge. The Debtor hereby waives any and all procedural requirements of an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001 and consents to an order revoking his discharge as provided by Section 727(a)(10) of the Bankruptcy Code. However, the Debtor's discharge will not be revoked without a hearing.

6. This Stipulation shall be construed in accordance with the laws of the State of Florida.

7. In the event that any action is brought by any of the Parties to enforce the Stipulation, including without limitation, the obligations contained in paragraph 3 of this Stipulation, the prevailing party will be entitled to reasonable attorneys' fees and costs incurred in connection therewith.

8. Each of the Parties acknowledges that it has entered into this Stipulation of their own free will, based upon their independent business judgment and advice of counsel of their


choice, and without reliance on any representations of, or inducements from, any other party, except as specifically set forth herein.

9. This Stipulation represents the entire agreement of the Parties as it relates to the Vehicle. No waiver or modification of a term or condition of this Stipulation will be valid or binding unless in writing and executed by each of the Parties to this Stipulation.

10. This Stipulation has been prepared after negotiations between the Parties hereto, and if any ambiguity is contained herein, then in resolving such ambiguity, no weight shall be given in favor of or against any party on account of its drafting of this Stipulation.

11. The Parties agree that this Stipulation may be executed in counterpart originals and all such executed counterpart originals will together constitute the complete Stipulation.

12. Each of the Parties to this Stipulation hereby represent and warrant that they have full authority and power to execute, deliver and perform this Stipulation and consummate all of the transactions contemplated hereunder on behalf of the Parties hereto.

Dated this 27th day of January, 2011.


_/s/ Nicole Mehdipour_
NICOLE TESTA MEHDIPOUR
CHAPTER 7 TRUSTEE



_____
THOMAS F. KANE


choice, and without reliance on any representations of, or inducements from, any other party, except as specifically set forth herein.

9. This Stipulation represents the entire agreement of the Parties as it relates to the Vehicle. No waiver or modification of a term or condition of this Stipulation will be valid or binding unless in writing and executed by each of the Parties to this Stipulation.

10. This Stipulation has been prepared after negotiations between the Parties hereto, and if any ambiguity is contained herein, then in resolving such ambiguity, no weight shall be given in favor of or against any party on account of its drafting of this Stipulation.

11. The Parties agree that this Stipulation may be executed in counterpart originals and all such executed counterpart originals will together constitute the complete Stipulation.

12. Each of the Parties to this Stipulation hereby represent and warrant that they have full authority and power to execute, deliver and perform this Stipulation and consummate all of the transactions contemplated hereunder on behalf of the Parties hereto.

Dated this 27th day of January, 2011.


NICOLE TESTA MEHDIPOUR
CHAPTER 7 TRUSTEE

_____
THOMAS F. KANE

{00081810.DOC 2}                                    4

**Exhibit "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                                CASE NO. 11-36816-PGH

THOMAS F. KANE                                                        Chapter 7

     Debtor.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION
TO APPROVE SETTLEMENT WITH DEBTOR**

**THIS MATTER** came before the Court on the Motion ("Motion") of Nicole Testa Mehdipour, the duly appointed Chapter 7 Trustee (the "Trustee"), to Approve Settlement with Thomas F. Kane (the "Debtor") and the Trustee [ECF No.___] pursuant to Fed. R. Bankr. P. 9019 and Local Rule 9019-1.  The Court, having noted that the Motion was served on creditors and parties in interest pursuant to Local Rule 9013-1(D), having waited 21 days, having received the Trustee's Certificate of No Response and being advised that no creditors or parties in interest

{00081821.DOC 2}

have filed any objections to the Stipulation to Compromise Controversy described in the Motion, finding that the settlement agreement terms described in the Motion are in the best interests of the creditors and the estate and, being otherwise fully advised in the premises

**ORDERS AND ADJUDGES** as follows:

1. The Trustee's Motion is hereby **GRANTED**.

2. The Court approves the Settlement between the Trustee and the Debtor as defined and described in the Motion.

3. The parties shall execute any and all documents necessary to carry on the terms of the Settlement.

4. It is further ordered that this Court shall retain jurisdiction to enforce the terms of the settlement between the Trustee and the Debtor.

# # #

Submitted by:

John R. Eder
BAST AMRON LLP
SunTrust International Center
One Southeast Third Ave., Suite 1440
Miami, FL 33131.
Telephone (305) 379-7904
Facsimile (305) 379-7905
jeder@bastamron.com

[Attorney Eder is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.]